FILED
CLERK
3:26 pm, Nov 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARY ANN DELLINGER and
CARMEN TOMEO,

      Plaintiffs,

      v.

THE TOWN OF HUNTINGTON,
TGJ 2014 LLC, EUGENE COOK,
JOSHUA PRICE, and TIMOTHY CAVANAUGH,

      Defendants.
----------------------------------------------------------------x

Case No.: 17-cv-5319 (SJF)(GRB)
**ORDER ADOPTING REPORT & RECOMMENDATION**

FEUERSTEIN, Senior District Judge:

I.    Introduction

Plaintiffs Mary Ann Dellinger and Carmen Tomeo (collectively, "Plaintiffs") commenced this action against Defendants The Town of Huntington (hereafter, the "Town Defendant" or "Town"), TGJ 2014 LLC ("TGJ"), Eugene Cook ("Cook"), Joshua Price ("Price"), and Timothy Cavanaugh ("Cavanaugh"; together with TGJ, Cook, and Price, the "Non-Town Defendants"; collectively with the Town Defendant, the "Defendants") seeking relief, pursuant to 42 U.S.C. §§ 1983, 1986, and Article I, § 6 of the New York State Constitution, for the alleged selective enforcement of the Huntington Town Code to devalue property owned by the Plaintiffs. (*See* Complaint, ECF No. 1.) The Town Defendant and the Non-Town Defendants have each moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereafter, collectively, the "Dismissal Motions"). (*See* ECF No. 15 (Town Defendant's Motion to Dismiss); ECF Nos.17-20[1] (Non-Town Defendants' Motions to Dismiss).) Plaintiffs both

---

[1] While filed individually (*see* ECF No. 17 (TGJ's Motion to Dismiss); ECF No. 18 (Cavanaugh's Motion to Dismiss); ECF No. 19 (Price's Motion to Dismiss); and ECF No. 20

1

oppose the Dismissal Motions (hereafter, "Opposition" or "Opp'n") (*see* ECF No. 31-1) and cross move for default judgment against the Non-Town Defendants (hereafter, the Default Judgment Motion") (*see* ECF No. 31). The Dismissal Motions and Default Judgment Motion were referred to Magistrate Judge Gary R. Brown for a Report and Recommendation (*see* Minute Entry dated Feb. 27, 2018 (ECF No. 38).)

Now before the Court is the Magistrate Judge's August 29, 2018 Report and Recommendation (hereafter, "Report") recommending: that the Default Judgment Motion be denied; that the Motions to Dismiss be granted, and the Complaint be dismissed with prejudice; and, consequently, that Plaintiff's request to amend the Complaint be denied. (*See* Report (ECF No. 41).) The Plaintiffs have filed a limited objection (hereafter, "Objection") (*see* ECF No. 43), to which the Town Defendant has responded (hereafter, "Response") (*see* ECF No. 44), but the Non-Town Defendants have not (Case Docket, *in universum*.). For the reasons that follow, the Court overrules the Plaintiffs' objections and adopts Magistrate Judge Brown's Report in its entirety.

II.  Background

The "BACKGROUND" section of the Report addresses the facts and procedural history underlying this action, which are incorporated by reference (*see* Report at 1-4) and with which the Court assumes the Parties' familiarity. However, for the reader's convenience, the Court summarizes as follows.

The Plaintiffs' claims against the Defendants are premised upon their prior ownership of real property, a five-family dwelling located at 792 Larkfield Road in East Northport, New York

---

(Cook's Motion to Dismiss)), TGJ's, Cook's, Price's, and Cavanaugh's Motions to Dismiss are, in actuality, one joint motion.

(hereafter, the "Property").  According to a 1997 Town-issued "Letter in Lieu", the Property's multi-dwelling status was "grandfathered" as it existed before the Town's 1934 establishment of its Town Code.  (*See* Complaint ¶¶18-19.)  However, in 2012, a Huntington Town Code inspector informed the Plaintiffs that the Property was zoned as a single-family dwelling and they would have to either return the Property to that status or seek a zoning variance.  (*See id.* at ¶20.)  On September 11, 2012, the Town Defendant "filed a complaint against the Plaintiffs for violation of the Town Code alleging overcrowding and illegal apartment" (hereafter, the "Code Violation Complaint").  (*Id.* at ¶21.)  Plaintiffs alleged that at least one sale of the Property was not consummated because of the pending Code Violation Complaint (hereafter, the "2013 Potential Sale") (*see id.* at ¶22; *see also id.* at ¶23 (alleging the Town Defendant informed potential purchaser "that the Property was unsafe" and "should be demolished"), and ¶24 (alleging the Town Defendant informed potential purchaser that it would not allow Property "to be used 'for any purposes and cautioned him to 'think twice' before pursuing the sale"); Report at 3 n.1), but that another sale was consummated with TGJ on September 12, 2014 (hereafter, the "2014 Sale"), despite said Code Violation Complaint.  (*See id.* at ¶29.)  They allege that since the 2014 Sale the Defendant Town "has not filed any violation against the [P]roperty alleging overcrowding or that the five (5) apartments were illegal." (*Id.* at ¶ 30.)

III. <u>Applicable Standards</u>

    *A. Report and Recommendation Standard of Review*

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. The Rule 12(b)(6) Standard

The standard of review on a Rule 12(b)(6) motion is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557,

4

127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. of Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1937.

In deciding a Rule 12(b)(6) motion, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 715 (2014). Courts may also consider public records in deciding a motion to dismiss. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (state court complaint); *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (state court decree); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (case law and statutes). Moreover, a plaintiff's "failure to include matters of which as pleader[] [she] had notice and which [are] integral to [her] claim–and that [she] apparently most wanted to avoid–may not serve as a means of forestalling . . . [a] decision on a [Rule] 12(b)(6) motion." *L-7 Designs*, 647 F.3d at 422 (quotations, alterations and citation omitted). Factual allegations are assumed to be true "unless contradicted by more specific allegations or documentary evidence . . . ." *Id.*

IV. <u>Discussion</u>

    *A. Magistrate Judge Brown's Report & Recommendations*

As to the Plaintiffs' Default Judgment Motion, while recognizing that the basis for Plaintiffs' Motion was the purported failure of TGJ, Cook, and Cavanaugh to timely respond to the Complaint, which those Defendants oppose arguing that their filings were timely, the Magistrate Judge found that "irrespective of the merits of the timeliness argument," because of Plaintiffs' own failure in not satisfying the procedural requirements for default judgment, said

relief was not warranted.  (*See* Report at 4.)  That is, while Rule 55 requires one to engage in a two-step process, *to wit*, the entry of default by the clerk of court and then, upon application, the entry of default judgment (*see id.* at 4-5 (citing Fed. R. Civ. P. 55; further citations omitted)), since the Plaintiffs "have neither requested nor received a certificate of default from the Clerk," that "alone justifies denial of [P]laintiffs' motion without prejudice."  (Report at 5 (citations omitted).)  Magistrate Judge Brown further stated that since Plaintiffs failed to "state a cause of action as to TGJ, Cook and Cavanaugh," that was another basis for recommending denial of the Default Judgment Motion.  (*See id.* (citing *Taizhou Zhongneng Import & Export Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).)

As to the Defendants' Dismissal Motions, Magistrate Judge Brown found all of Plaintiffs' § 1983 claims fell outside of the applicable three-year statute of limitation.[2]  (*See* Report at 8 (identifying the cognizable acts to be: the September 2012 filing of the Code Violation Complaint, and both the execution of and subsequent rescission of the 2013 Potential Sale contract).)  He rejected the Plaintiffs' position that their claims accrued upon the Town's non-enforcement of its Code after the 2014 Sale of the Property, "as the Supreme Court has instructed that the 'proper focus is on the time of the discriminatory act.'"  (*Id.* (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994); further citations omitted); *see also id.* at 7 ("The proper focus is on the time of the unlawful act, not the point at which the consequences of the act become painful." (further citation omitted)).)  Rather, the Magistrate Judge stated:

---

[2]  The Magistrate Judge noted that "[b]ecause the language of Article I, § 6 of the New York State Constitution closely tracks the Fourteenth Amendment, courts generally have found the two provisions 'to be coextensive.'"  (Report at 6 n.4 (quoting *DeMartino v. N.Y.S. Dep't of Labor*, 167 F. Supp.3d 342, 373-74 (E.D.N.Y. 2016); further citations omitted).)  Implicit from that notation is Magistrate Judge Brown's inclusion of the Plaintiffs' constitutional claim with his analysis of their § 1983 claims.  This Court does likewise.

> Indeed, by its own terms, the Complaint identifies the object of the conspiracy alleged as an effort "to selectively enforce the Huntington Town Code to devalue the Property in order to permit the other Defendants to purchase the Property at less than market price." Compl. ¶ 3. Under this analysis, [P]laintiffs' claim accrued no later than the allegedly improper issuance of the Violation notice [*i.e.*, the Code Violation Compliant], or the purportedly improper statements to [P]laintiffs' potential purchaser, both of which occurred well outside the limitations period. Therefore, taking the facts alleged as true, [P]laintiffs' claims under § 1983 are time barred.

(Report at 10.) Moreover, Magistrate Judge Brown rejected the Plaintiffs' attempts to invoke equitable tolling to save their § 1983 claims as they neither pled facts supporting such a theory nor, in their motion papers, identified any such facts. (*See id.* at 10-11.) Finally, he determined that because it was subject to a one-year statute of limitation, Plaintiffs' § 1986 claim was untimely for the same reasons stated as to their § 1983 claims, thereby warranting a recommendation that it be dismissed. (*See id.* at 12.)

    B. *The Plaintiffs' Objection*

"[P]laintiffs specifically object to the following findings: (1) that [P]laintiffs' claims under 42 U.S.C. § 1983 and the New York State Constitution are time barred; and (2) that 'all of the cognizable acts complained of fall outside the limitations period.'" (Objection at (unnumbered) 2.) The Plaintiffs argue that the Code Violation Complaint was a "continuing harm" throughout their ownership of the Property. (*See* Objections at (unnumbered) 3.) They also contend that the "passing of title [of the Property] is clearly relevant as it is only after title passes [] that a claim for selective enforcement can even be raised under these facts," thereby objecting to the Magistrate Judge's notation that the title passage date is irrelevant. (*See id.*; Report at 8 n.5; *see also* Objection at (unnumbered) 4 (reiterating that "[o]nly after title passed hands, AND no enforcement actions were taken by the Town against TGJ [], could there have

been an accrual of a valid cause of action under these facts." (citing *Caroselli v. Curci*, No. 08-cv-1743, 2009 WL 211041 (E.D.N.Y. Jan. 23, 2009)).) Finally, Plaintiffs posit that their:

> claims may be brought within three years of the passing of title [*i.e.*, September 12, 2014] because at the time of the transfer of title, the violation was pending against [P]laintiffs – the harm continued until title changed hands. While the violation was pending, [P]laintiffs' property value continued to decline and [P]laintiffs lost a valid sale at a higher value. This was clearly a continuing harm to [P]laintiffs.

(Objection at (unnumbered) 4.) In sum, Plaintiffs request that their Objection be sustained such that their § 1983 and New York State constitutional claims not be dismissed as time barred and that they been afforded the opportunity to amend their Complaint. (*Id.*)

   C. *The Town Defendant's Response*

Not surprisingly, the Town Defendant agrees with Magistrate Judge Brown's recommendation that all of Plaintiffs' § 1983 claims are "'clearly time-barred.'" (Response at 2 (quoting Report at 8).) In particular, the Town Defendant focuses on Magistrate Judge Brown's reliance "upon a multitude of cases to conclude that any Section 1983 causes of action arising out of an alleged code enforcement action accrued at the time of the alleged improper enforcement" (*id.* (citing Report at 8-10)), which in this instance was September 11, 2012, the date the Town filed its Code Violation Complaint against the Plaintiffs. (*See id.*) The Town highlights the fault in the Plaintiffs' Objection, *i.e.*, "that because the alleged violation issued by the Town 'remained a violation against [P]laintiffs right until title to the [P]roperty transferred' it was a 'continuing harm' which precluded the statute of limitations from running" (Response at 2 (quoting Objection at (unnumbered) 3), by noting the failure to support it with case law (*see id.*) and by citing numerous cases rejecting "the type of 'continuing harm' argument advanced by

9

Plaintiffs" (*id.*) and supporting Magistrate Judge Brown's recommendation that Plaintiffs' § 1983 claims are time-barred, *to wit*:

> *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)("We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act"); *Andrews v. Town of Wallingford*, [No. 3:16-cv-1232,] 2017 WL 3588571, *3 (D. Conn. [Aug. 21,] 2017)("[t]he 'continuing violation' rules does not apply merely because a plaintiff experiences continuing harm from a defendant's otherwise discrete time-barred act"); *Blackman v. County of Nassau*, 819 F. Supp. 198, 207 (E.D.N.Y. 1993)("the mere fact that wrongful acts may have a continuing impact is not sufficient to find a continuing violation.").

(*Id.* at 2-3.) Hence, the Town Defendant requests that Plaintiffs' Objections be overruled and this Court follow the Magistrate Judge's recommendation of dismissing this action in its entirety.

### D. The Court's Consideration of Plaintiffs' Objections

As an initial matter, Plaintiffs explicitly "do not object to the denial of [their] cross-motion for default judgment." (Objection at (unnumbered) 2.) Nor do they address the Magistrate Judge's recommendations regarding the untimeliness of their § 1986 claim (*see* Report at 12) or the futility of their supposed § 1981 claim (*see id.* at 6 n.3). Moreover, the Plaintiffs have failed to address Magistrate Judge Brown's recommendations regarding their attempt to equitable tolling their § 1983 claims. (*See* Report at 10-12; *cf.*, Objection, *in universum*.) Other than their conclusory assertion that they "should be given time to amend their pleadings" (Objection at (unnumbered) 4 ("Conclusion" section)), Plaintiffs do not meaningfully object to the Magistrate Judge's recommendation that, in essence, it would be futile to permit the amending of the Complaint as "the recommendation to dismiss all claims is premised on a substantive and incurable defect, to wit: [P]laintiffs' failure to file within the applicable limitations period." (Report at 12.) Thus, Plaintiffs are deemed to have waived any objections

to those portions of the Report recommending: dismissing Plaintiffs' §§ 1981 and 1986 claims; denying equitable tolling of the statute of limitation; and denying Plaintiffs' request to amend their Complaint. As the Court is not required to review the factual findings or legal conclusions of a magistrate judge as to which no proper objections are made, *see Arn*, 474 U.S. at 150, and finding no clear error as to Magistrate Judge Brown's recommendation to dismiss the Plaintiffs' §§ 1981 and 1986 claims, deny the application of equitable tolling, and deny the amending of the complaint, those portions of the Report are adopted in their entirety.

As to Magistrate Judge Brown's recommendation to dismiss the Plaintiffs' § 1983 claims as time-barred, the Plaintiffs' Objections[3] focus on their "selective enforcement claim." (Objection at (unnumbered) 3.) Plaintiffs assert they have adequately pleaded that: they were treated differently during the time period they owned the Property (*see id.*); the Town Defendant thwarted the 2013 Potential Sale (*see id.*); and that once the Property was sold, the Code Violation Complaint was not enforced (*see id.* at (unnumbered) 4). Then, in a conclusory manner, they state their claim of selective enforcement could have accrued "[o]nly after title passed hands, AND no enforcement actions were taken by the Town against TGJ . . . ." (*Id. (citing Caroselli,* 2009 WL 211041, at *5).) Finally, Plaintiffs contend that "[w]hile the violation was pending, [their] [P]roperty value continued to decline and [they] lost a valid sale at a higher value," which "was clearly a continuing harm" to them. (*Id.*)

---

[3] The Plaintiffs' Objections barely reach beyond general and conclusory, which would have been entitled to review for clear error only. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51-52 (E.D.N.Y. 2008)("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.")(quotation marks, brackets, and further citation omitted).

First, to the extent the Plaintiffs cite case law supposedly supporting their "selective enforcement claim" Objection, their reliance on *Caroselli* is unpersuasive.[4] While the *Caroselli* court recited the general proposition that a § 1983 claim "accrues when the plaintiff has a compete cause of action, or when the plaintiff can file suit and obtain relief," the issue therein was whether there were extraordinary circumstances, such as fraud or concealment, warranting the equitable tolling of plaintiff's § 1983 claim; however, it found no factual support for claims of fraud or concealment. *See id.* The same is true in the instant case; there are no allegations of extraordinary circumstances. Further, at stated *supra*, Plaintiffs have not raised any objections to the Magistrate Judge's recommendation that equitable tolling is not applicable in this instance.

Second, as to the issue of when a § 1983 claim accrues, Magistrate Judge Brown correctly highlighted that, "as the Supreme Court has instructed . . . 'the proper focus is on the time of the discriminatory act,'" Report at 8 (quoting *Eagleston*, 41 F.3d at 871 (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981))), and not, as the Plaintiffs suggest, "when the *non-enforcement* of the Town code against the TGJ defendants" occurred. (Report at 8 (citing Pls.' Opp'n (ECF No. 31-1) at 4)(emphasis in Report); *see also id.* at 8-10 (citing and discussing cases holding that § 1983 claims accrue when the unlawful act commences and not the time at which the consequences of the act become painful).) After its own *de novo* review, this Court agrees with the Magistrate Judge's reasoning, which it now adopts, that it was the Town Defendant's filing the Code Violation Complaint which triggered Plaintiff's § 1983 "selective enforcement

---

[4] The other cases cited and quoted in their Objection are put forth by the Plaintiffs in support of general legal contentions, but not in support of their specific objections. As the Town Defendants state, "In their Objection[], Plaintiffs make no effort to challenge the caselaw or reasoning set forth by Judge Brown supporting his analysis that their claims accrued, if at all, well outside of the applicable three-year statute of limitations period. Plaintiffs do not cite a single case providing support for their assertion that Judge Brown incorrectly applied the statute of limitations to their claims." (Response at 2.)

claims". As the holders of a "Letter in Lieu", once the Town brought its Code Violation Complaint on September 11, 2012, the Plaintiffs had reason to know of the potential cloud over title to the Property, which could jeopardize its value. *See, e.g., Wormer v. City of Rensselaer*, 293 F. App'x 783, 783 (2d Cir. 2008). Further, by the time the 2013 Potential Sale failed due to the pending Code Violation Complaint (*see* Complaint ¶ 22[5]), the Plaintiffs had reason to know that the Town's actions could harm them. As the Magistrate Judge astutely observed, by their own allegations, the Plaintiffs established the relevant time period to be applied to their § 1983 selective enforcement claims, *i.e.*, when "[t]he Defendants conspired to selectively enforce the Huntington Town Code to devalue the Property" such that the Non-Town Defendants could buy it "at less than market value." (Complaint ¶ 3; *cf.*, Report at 10 ("Under this analysis, [P]laintiffs' claim accrued no later than the allegedly improper issuance of the Violation notice, or the purportedly improper statements to [P]laintiffs' potential purchaser, both of which occurred well outside the limitations period.").) Hence, this Court agrees with the Magistrate Court that it is of no consequence when title to the Property passed to the Non-Town Defendants (*see* Report at 8 n.5) or what became of the pending Code Violation Complaint after the Property was sold, since "[t]he proper focus is on the time of the unlawful act, not the point at which the consequences of the act become painful." *Ognibene v. Niagara Cty. Sheriff's Dep't*, 117 F. App'x 798, 799-800 (2d Cir. 2005)(further citations omitted). Accordingly, the Plaintiffs' § 1983 claims lack facial plausibility to allow the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678; *see also Twombly*,

---

[5] Although the Plaintiffs do not indicate the date when they knew the 2013 Potential Sale would not occur, since they state they entered into the 2014 Sale contract with the Non-Town Defendants on April 14, 2014 (*see* Complaint), it is reasonable to infer that the 2013 Potential Sale failed prior to that date, which in any event, is outside the applicable three-year statute of limitation.

550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)).

* * *

Having considered the Plaintiffs' objections to the Report and conducted a *de novo* review of the record, the Court is satisfied that Magistrate Judge Brown's Report it is not facially erroneous; therefore, it is adopted in its entirely.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the Defendants' Dismissal Motions are granted in their entireties; Plaintiffs' Complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that the December 5, 2018 Status Conference is cancelled; and

IT IS FURTHER ORDERED that The Clerk of Court is directed to close this case.

Dated this 26th day of November 2018 at Central Islip, New York.

_/s/_ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge